## VALUATION OF REAL ESTATE FOR TAXATION.

Circuit Court of Summit County.

ELIAS S. DAY ET AL v. ARTHUR J. WEEK ET AL.

Decided, June 2, 1911.

*City Board of Review—Powers of.*

A city board of review, under Section 5624, General Code, has power
to make wholesale increases in the valuation of real estate in the
city as fixed by the quadrennial appraisers, without making corre-
sponding decreases.

*Geo. M. Anderson* and *Charles Howland*, for plaintiff in error.
*F. J. Rockwell, C. T. Grant, N. M. Greenberger* and *J. Taylor*,
contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The petition in this appeal challenges the power of the Akron
city board of review, under General Code, 5624, to make whole-
sale increases in the valuations of real estate in said city, as
fixed by the quadrennial appraisers, without making correspond-
ing decreases. We understand that the question of the con-
stitutionality of the statutes involved is no longer pressed. If,
however, it be relied on, it is sufficient now to say that no such
clear case of conflict with any constitutional provisions is here
presented as to warrant our so holding. On the question of
notice, too, the opportunity afforded by law for a hearing, after
the increases were resolved upon and made public, satisfies the
constitutional guaranty of due process of law. The power of
the board is then the sole question before us.

The present policy of the law is more clearly defined by the
act approved March 2, 1911, Section 5624-1 whereof provides
that:

"Boards of review for municipal corporations sitting as boards
of equalization and revision, shall have and exercise, in so far as
the same may be applicable, all the powers and perform all the
duties, and be governed by the same rule and limitations, con-
ferred or imposed by the law upon the annual county boards of

equalization of real and personal property, moneys and credits, and quadrennial county boards of equalization of real property outside of cities, and such boards sitting as boards of revision,'' etc.

This act was not, however, in force when the increases complained of were made; but it may aid in the construction of the pre-existing law (General Code, Section 5624), though phrased more concisely than Revised Statutes, Sections 2819-1, must, unless the contrary is plainly intended, be deemed to be identical with it in meaning (*State, ex rel, v. Commissioners*, 36 O. S., 326). It now defines the powers and duties of municipal boards of review as the same as those ''provided by law for all other municipal boards of equalization and revision.'' It formerly defined them as the same as those ''conferred upon or required of the annual city board for the equalization of the value of real and personal property, moneys and credits; the decennial city board, for the equalization of the value of real property; and the annual city board of revision; and the decennial city board of revision, under any and all laws now in force, pertaining to such municipalities.''

Sections 2815 and 2816, Revised Statutes, were, it is significant, left unrepealed by the General Code. They provide for decennial city boards of equalization with the same powers and duties as those of the decennial county board of equalization (Revised Statutes, 2814, General Code 5598). The county auditor was, by Section 2813, Revised Statutes (5594, General Code), made a member of such board; and upon complaints filed with or preferred by him, or filed with the board as such, it was empowered, by Section 2814a, Revised Statutes (5599-5601, General Code), while sitting as a board of revision, to ''increase or decrease any valuation complained of, and no others,'' in accordance with the ''laws in force governing the valuing of real property.

This limitation, as to acting only upon complaints filed, does not, however, apply to the decennial county board of equalization sitting as such; the only express limitation upon them in that capacity being that ''they shall not reduce the aggregate

value thereof, as returned by the assessors, with the addition made thereto by the auditor, as hereinafter required.'' The municipal board of review is invested with all the powers of said county board in each of these capacities and it is clear, from General Code, Section 5598 (Section 2814, Revised Statutes), that in their preliminary work, they may of their own motion raise values to conform with the standard required ''by the laws in force governing the valuing of real property.'' Such is also the present provision of law as contained in, or contemplated by, the act of March 2, 1911, Section 5624-1. The increases here complained of were made in the primary work of equalization of the values tentatively fixed by the quandrennial appraisers, in order that, as finally determined, they should agree with the standard aforesaid.

We hold, therefore, that the petition makes no case for enjoining the defendants from making the increases complained of. The demurrer to the petition was properly sustained upon the fifth ground. The third ground of demurrer was, also, we think well taken.

Judgment affirmed.